Charles E. JACKSON, Plaintiff–
Appellant,

v.

Tom L. CAREY; et al., Defendants–
Appellees.

No. 06–17122.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2009.

Filed May 21, 2009.

Colleen M. Kennedy, Esquire, Counsel, O'Melveny & Myers LLP, San Francisco, CA, for Plaintiff–Appellant.

Song J. Hill, Esquire, James M. Humes, Esquire, Anthony Paul O'Brien, Esquire, Deputy Attorney General, Robert R. Reyff, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: WALLACE, FARRIS and McKEOWN, Circuit Judges.

### MEMORANDUM *

Jackson alleges that the District Court's decision to grant summary judgment to defendants on plaintiff's due process claim was improper since there a liberty interest was at stake. We agree. The Supreme Court in *Wilkinson v. Austin,* 545 U.S. 209, 223, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005), did not state that only indefinite transfers to security housing units implicate liberty interests, but that a transfer of thirty days or less did not implicate liberty interests. Plaintiff was kept in the security housing unit for five months, a significant amount of time. It is unclear whether a liberty interest is implicated by plaintiff's five month confinement

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in the security housing unit. The District Court erred by granting summary judgment on plaintiff's due process claim.

■ Plaintiff also alleges that the District Court acted improperly in dismissing his case for failure to exhaust administrative remedies. It is necessary that administrative remedies be properly exhausted before prisoners begin the appeals process. 42 U.S.C. § 1997(e); *see Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). However, plaintiff exhausted his administrative remedies by winning his first appeal. After that victory, the administrative process could no longer provide relief since relief had been granted. *See Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir.2005). Although defendants claim that plaintiff's failure to file proper paperwork with his second appeal is facial evidence that plaintiff did not exhaust his administrative remedies, this argument is unpersuasive. Once plaintiff won his first appeal, the prison had a duty to prevent plaintiff's transfer to the security housing unit. That duty includes notifying the personnel responsible for transferring prisoners that plaintiff should not have been transferred, as stated in California's Department of Corrections Operations Manual. § 54100.18.3.2. The District Court erred by dismissing plaintiff's claim.

■ Finally, plaintiff alleges that the District Court was wrong to dismiss his claim that "his First Amendment right to petition the government for redress of grievances" was violated. Per the Prison Litigation Reform Act, a prisoner may not petition the courts before his administrative remedies are exhausted. As a result, "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system." *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.1995). Since plaintiff properly exhausted his administrative remedies through successful appeal but was denied the remedy he had

been granted, he has the right to petition the courts for a violation of his First Amendment rights. The District Court erred by dismissing plaintiff's First Amendment claim under Federal Rule of Civil Procedure 12(b)(6).

**REVERSED AND REMANDED.**

WALLACE, Senior Circuit Judge, concurring in part, dissenting in part.

I agree that summary judgment was inappropriate on the issue of whether Jackson's liberty interest was implicated by his confinement in the Security Housing Unit (SHU). However, as to the majority's holding regarding exhaustion of administrative remedies, I respectfully dissent.

I would affirm the district court's ruling that Jackson did not exhaust administrative remedies. To exhaust remedies properly, prisoners must comply with deadlines and other procedural requirements. *Woodford v. Ngo,* 548 U.S. 81, 83, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). One purpose for the exhaustion requirement is to afford corrections officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle,* 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see Dixon v. Page,* 291 F.3d 485, 490–91 (7th Cir.2002) (requiring prisoner who was granted a transfer, but not actually transferred, to appeal such failure to transfer, stating that doing so would give the director "an opportunity to learn of possible infirmities in the prison grievance system and to correct any such infirmities").

Jackson's first grievance, which he fully exhausted, complained about the denial of witnesses at his Rules Violation Report hearing and requested that the Rules Violation Report "be dropped." Jackson's second grievance, which he did not exhaust to the highest level, pertained to his SHU confinement. Although the two grievances

are related, they are distinct complaints. Similar to filing an action to enforce a judgment, Jackson was required to exhaust his grievance regarding the SHU detention.

California regulations allow a prisoner to attach to the appeal form any supporting documentation necessary to clarify the appeal. Cal.Code Regs. tit 15, § 3084.2(a)(2). Jackson was clearly on notice of this after defendant Padilla returned the second appeal form to Jackson, informing him that he must attach his first appeal. Jackson did not follow that direction and, therefore, he did not properly exhaust.

Because Jackson failed to exhaust administrative remedies, it is unnecessary to reach the merits of his First Amendment claims. Denying a prisoner's request for relief where he fails to follow the prison's direction does not constitute a First Amendment violation, and circuit precedent does not support such a claim.

For these reasons, I would affirm the district court's dismissal of Jackson's First Amendment claims.